

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4271
Re: The issuance of special per-
mits by the Highway Department
for the transportation of
overweight, oversize or over-
length commodities which can-
not be reasonably dismantled.

You have requested an opinion from this department as
follows:

"I am told that some years ago the Attorney Gen-
eral's Department held in an opinion that the State
Highway Department had authority to grant special per-
mits for the transportation of commodities that were
overweight, overlength or overwidth over routes they
deemed best suited for such transportation regardless
of restrictions placed on carriers of such commodities
by other agencies of the State.

"The result of this interpretation of the law has
been to set aside the orders of the Railroad Commission
restricting carriers from using certain highways in
this State, which restrictions, I believe were made
upon the basis of traffic reports furnished the Commis-
sion by the Highway Department.

"An investigation of many cases where carriers
were on highways from which they were restricted by the
Railroad Commission with loads which required special
permits by the Highway Department, that such permits
were obtained without making it known to Highway au-
thorities that such carrier was not allowed to use the
highway in question. Also, such investigations have
disclosed that when applications are made for such
special permits the applicant is never questioned re-
garding his authority from the Railroad Commission.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"This matter is growing in magnitude and the
Law Enforcement Division would appreciate the Commis-
sion's instructions on the following questions:

"1. Shall we disregard the Commission's orders
restricting carriers from certain highways when the
carrier has a permit from the Highway Department au-
thorizing him to use said Highway?

"2. Shall we make an investigation to determine
if the Highway Department would have routed the carrier
over another route if it had had knowledge of the
restriction?

"3. Shall we make an investigation to determine
if the Highway Department had knowledge when the ap-
plication was made that the Commission had restricted
the carrier to the use of said Highway?

"4. When a carrier is intercepted on a highway
over which he has been restricted, shall we require him
to furnish proof that he made known to the Highway De-
partment the fact that the Railroad Commission had
restricted him from certain highways and that despite
that the Highway Department would not route him over
another route?

"5. When a carrier is intercepted on a highway
from which he has been restricted by the Railroad Com-
mission, shall we require him to attempt to obtain
from the nearest highway department office a permit
over another route before permitting him to proceed
over the said restricted highway?"

Under date of April 8, 1937, this department rendered
Conference Opinion No. 2999, wherein it was held:

"We think that it was both the spirit and the
intention of the Legislature, in enacting the statute
permitting the transportation over State highways of
overweight or oversize or overlength commodities, to
authorize the Highway Department in the issuance of
the special permits to designate which highway is the
shortest practicable route, without regard to the
designated route of the carrier operating under a

certificate of public convenience and necessity
issued by the Railroad Commission; and that when
the Highway Department has issued the special per-
mit above referred to, permitting the hauling of
overweight or oversize or overlength commodities,
that the permittee is authorized to haul such load
over the highways designated by the Highway Depart-
ment."

We are enclosing a copy of this opinion, obviously the
one referred to in your letter.

Under the applicable statutes, Article 827a, Section 2,
Penal Code, and Article 6701a, Vernon's Annotated Civil Statutes,
the duty of and authority for issuing these special permits is
vested in the State Highway Department. Presumably in the ad-
ministration of these acts proper and sufficient investigation
will be made by the department before the issuance of the permits.

While Article 827a, Section 2, supra, enjoins upon the
Highway Department the responsibility of seeing that the hauls
made under such permits shall be by the "shortest practicable
route," the Highway Department may not enlarge upon certificate
rights as granted by the Railroad Commission, except as to routes
to be traversed. It may not by the special permit authorize a
person to transport property for hire who is without authority
to do so from the Railroad Commission, or authorize a service to
and from points not authorized by the Railroad Commission.

In reply to your question one, you should honor special
permits issued by the Highway Department even though the carrier
is thereby authorized to traverse routes not included in the
certificate issued by the Railroad Commission, provided the car-
rier, if not transporting his own property, has authority from the
Railroad Commission to transport the property at hand from and to
the points involved.

Your questions two, three and four are answered in the
negative.

If, under your question five, the carrier possesses a
permit from the Highway Department, and if the conditions men-
tioned in our answer to question one are existent, the carrier
should be permitted to proceed unmolested along the route con-
tained in the permit from the Highway Department.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Zollie C. Steakley
Assistant

ZCS:ej
Encl.